IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN A. FLYNN                                                                         PLAINTIFF

vs.                            Civil No. 3:16-cv-03117

NANCY BERRYHILL                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Steven A. Flynn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on May 26, 2010. (Tr. 133-136). In his applications, Plaintiff alleges being disabled due to bulging discs in his back, a right shoulder injury that "never healed," high blood pressure, anxiety, depression, a sternum fracture, cervical spasms, fibromyalgia, pneumonia, lumbar dysfunction, degenerative changes in his back, central disc bulge

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

at L3 to L4, right shoulder problems, and restless leg syndrome. (Tr. 162). Plaintiff alleges an onset date of April 30, 2009. (Tr. 133-135). These applications were denied initially and again upon reconsideration. (Tr. 70-73). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 91).

Plaintiff's initial administrative hearing was held on August 23, 2011. (Tr. 27-69). Following this, on October 28, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-21). The Appeals Council denied review and Plaintiff appealed this decision. On January 16, 2014, this Court remanded the case due to the ALJ improperly finding at step two of the sequential evaluation that Plaintiff's depression was a nonsevere impairment. (Tr. 542-549).

Following remand, Plaintiff had administrative hearings on December 2, 2014 and May 25, 2016. (Tr. 412-453, 454-483). Plaintiff was present and was represented by Frederick Spencer at these hearings. *Id.* Plaintiff's date of birth was September 16, 1966, and he had obtained his GED. (Tr. 163, 422).

On August 9, 2016, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 367-380). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 369, Finding 1). The ALJ then determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2009, his alleged onset date. (Tr. 370, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, disorder of the right shoulder, and major depressive disorder (Tr. 370, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of

2

the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 370, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 372-379, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except can only occasionally climb, push and pull, and reach overhead with his dominant right upper extremity; frequently balance, stoop, kneel, crouch, crawl, handle, finger, feel, reach in all other directions bilaterally, and operate foot controls; limited to work involving only simple, routine, and repetitive tasks; simple, work-related decisions with few, if any, workplace changes; and no more than incidental contact with coworkers, supervisors, and the general public. (Tr. 372-379).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 379, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform occupations such as inspector tester content with 14,108 such jobs in the national economy and 202 such jobs in the region; office helper with 41,166 such jobs in the national economy and 242 such jobs in the region, and bottle line attendant with 22,001 such jobs in the national economy and 156 such jobs in the region. (Tr. 380). Based upon this testimony, the ALJ found Plaintiff had not been under a disability as defined by the Act from April 30, 2009 through the date of his decision. (Tr. 380, Finding 11).

Thereafter, on October 28, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties

consented to the jurisdiction of this Court on November 1, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in the RFC determination. ECF No. 12, Pgs. 8-11. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence

in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except can only occasionally climb, push and pull, and reach overhead with his dominant right upper extremity; frequently balance, stoop, kneel, crouch, crawl, handle, finger, feel, reach in all other directions bilaterally, and operate foot controls; limited to work involving only simple, routine, and repetitive tasks; simple, work-related decisions with few, if any, workplace changes; and no more than incidental contact with coworkers, supervisors, and the general public. (Tr. 372-379). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 8-11.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating his alleged limitations. *See, e.g.,*

6

*Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing his RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate he is disabled due to those impairments.

In assessing the RFC, the ALJ discussed objective radiological findings which were relatively minor. (Tr. 373,376). These included lumbar x-rays showing only minor or minimal degenerative changes (Tr. 352, 845); cervical x-rays showing degenerative disc disease at C4-5 and C5-6 with some disc space narrowing (Tr. 845); and shoulder x-rays of Plaintiff were normal. *Id.*

The ALJ also relied on two consultative exams of Plaintiff. (Tr. 375-376). Dr. Shannon Brownfield indicated Plaintiff had a normal range of motion in all musculoskeletal areas except his right shoulder and lumbar spine; no muscle spasms, muscle atrophy or weakness, sensory abnormalities, and had negative straight leg raise tests. (Tr. 310-311). Dr. Ted Honghiran indicated Plaintiff could ambulate unassisted normally; had complete range of motion in his neck; good range of motion in his lower lumber spine; and negative straight leg raise tests bilaterally. (Tr. 844-854).

Additionally, the ALJ noted Plaintiff stated he could lift up to 40 pounds, had no problems with personal care tasks; prepared meals and shopped for groceries; mowed the yard on a tractor; and performed household chores weekly or biweekly. (Tr. 373, 375).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of February 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S.  MAGISTRATE  JUDGE